ORR v. ASCHENBACH & MILLER, Inc.

(District Court, E. D. Pennsylvania. August 12, 1915.)

No. 1323.

PATENTS ☞328—INFRINGEMENT—WHAT CONSTITUTES.

Complainant's patent, No. 659,640, was for a disinfectant composed of formic aldehyde and an essential oil which would slowly evaporate and at the same time be a water repellent. The compound was prepared by exposing the desired oils in the proper container to the presence of formic aldehyde under increased pressure. Defendant's disinfectant was prepared by stirring eucalyptus oil into the commercial solution of formic aldehyde largely diluted with water, in an open vessel under ordinary atmospheric pressure; the eucalyptus oil being used to disguise the odor. *Held*, that there was no infringement, the proportion of formic aldehyde

contained in the oil in defendant's disinfectant being inconsiderable, and the presence of water, which complainant's compound was designed to avoid, avoiding any infringement.

In Equity. Bill by William G. Orr against Aschenbach & Miller, Incorporated. On final hearing. Bill dismissed.

L. S. Oliver and Maurice Bower Saul, both of Philadelphia, Pa., for plaintiff.

G. Herbert Jenkins and Randolph Sailer, both of Philadelphia, Pa., for defendant.

THOMPSON, District Judge. The complainant is the owner of reissue letters patent No. 12,084, issued February 24, 1903, to Henry Spencer Blackmore. The original letters patent No. 659,640 were issued October 16, 1900, upon an application filed August 28, 1899.

As stated in the reissue specification, the invention relates to a new composition of matter for disinfecting or germicide purposes, and consists essentially of a mixture, compound, or solution of formic aldehyde or its polymerides in a water repellent, such as nonmineral or essential oil.

The object of the invention is said to be to produce a liquid composition containing formic aldehyde or its polymerides which will slowly evaporate when exposed to the atmosphere at ordinary pressure and temperature and at the same time be a water repellent.

The composition is described as not only having an active disinfectant, formic aldehyde, but as giving off on evaporation a characteristic pleasant odor and at the same time being insoluble in and incompatible with water, preventing its contact therewith from deteriorating the active property of the contained formic aldehyde.

The inventor states that the manner in which he prefers to produce the oily formic aldehyde solution or compound is to place the desired oil, such as camphor oil, in a proper container and expose it to the presence of formic aldehyde under increased pressure, at the same time agitating it, whereby the formic aldehyde becomes absorbed, occluded, or retained therein.

The claims of the patent are thus set out:

"1. As a new composition of matter a mixture containing an essential oil and formic aldehyde.

"2. A new composition of matter substantially consisting of essential oil carrying formic aldehyde.

"3. A new composition of matter consisting of essential oil and formic aldehyde.

"4. A new composition of matter consisting of camphor oil containing formic aldehyde.

"5. A new composition of matter substantially consisting of formic aldehyde associated with a water-repellent vehicle capable of evaporating when exposed to the atmosphere at ordinary temperature and pressure.

"6. A new composition of matter substantially consisting of formic aldehyde associated with an aromatic water-repellent vehicle capable of evaporating when exposed to the atmosphere at ordinary temperature and pressure."

The preparation which the defendant produces, and which it is claimed infringes, is known as "Sanozone." "Sanozone" consists of the commercial aqueous solution of formic aldehyde, known as "forma-

lin," combined with eucalyptus oil. "Formalin" consists of approximately 37 per cent., by weight, of formic aldehyde, and 63 per cent., by weight, of water and methol alcohol. Formic aldehyde is a gas, highly soluble in and with great affinity for water. The aqueous solution of formic aldehyde, above described, has been known and used as an active germicide and disinfectant for a time commencing long prior to the complainant's invention, and is so mentioned in the specification for the Blackmore patent. Eucalyptus oil has a distinctive odor and slight, if any, disinfectant and germicide qualities. In preparing "Sanozone," the aqueous solution of formic aldehyde and eucalyptus oil are combined by stirring the oil into the commercial solution, largely diluted with water, in an open vessel under ordinary atmospheric pressure. Since August, 1910, the defendant has added to the combination a small quantity of saponaceous material which does not enter into chemical combination with either the formic aldehyde solution or the eucalyptus oil, but overcomes the repellent action of the eucalyptus oil and the water which otherwise would constantly tend to separate. "Sanozone" has merely the germicidal and disinfectant action of the formic aldehyde contained in the commercial formic aldehyde solution plus the odor of the eucalyptus oil, and neither of these ingredients is altered or changed in its character, action, or effect by the combination.

Inasmuch as eucalyptus oil is an essential oil and the aqueous formic aldehyde solution used in "Sanozone" contains formic aldehyde, the complainant charges infringement of his patent. It may well be that the combination discovered by Blackmore was novel and is useful for the purpose of conveniently disinfecting by means of formic aldehyde. The patent granted to him, however, does not, upon its face, entitle the complainant to a monopoly which will prevent any and every use of formic aldehyde and essential oils by others in the preparation of other compounds.

In the case of a patent for a composition of matter, the question of infringement depends upon sameness or equivalence of ingredients and upon substantial sameness of the proportions of those ingredients. Addition to a patented composition of matter of an ingredient which the patent purposely avoided and which, when added, substantially changes the character of the composition, avoids infringement. Byam v. Eddy, Fed. Cas. No. 2,263, 2 Blatchf. 521; Atlantic Dynamite Co. v. Climax Powder Manufacturing Co. (C. C.) 72 Fed. 925; Walker on Patents, p. 319.

The patent granted Blackmore was for a new combination of formic aldehyde, which was old as a disinfectant, with an essential oil; the function of the combination being to hold the formic aldehyde in the essential oil and prevent its union with moisture by means of the water-repellent qualities of the oil and thus prevent its polymerization while being carried into the air as a disinfectant. The addition of water, which it is the object of the patent to avoid, to the composition, as it is done in the preparation of "Sanozone," is therefore entirely foreign and repugnant to the specification of the patent, in the light of which the claims must be read. An analysis of "Sanozone" shows that the ratio of water to the mixture of oil is as 1,000 to 5; that 99.75 per cent.

of the formic aldehyde present is contained in the water and ¼ of 1 per cent. in the oil; that there is .05 of an ounce of formic aldehyde in the oil mixture and 20.3 in the water solution to a gallon of the compound, the proportion of formic aldehyde carried in the oil to that carried in the water being therefore as 1 to 400. The respective proportions of formic aldehyde and oil are nowhere stated in the claims or specification of the patent; but it may be presumed that, in the interest of economical preparation of the product, it was the inventor's intention that the oil should absorb as much formic aldehyde gas as it was capable of containing. It is obvious that the proportion of formic aldehyde contained in "Sanozone," which is carried in the oil, is inconsiderable, that its effect upon the function of "Sanozone" as a disinfectant is negligible, and that whatever functions it has as a disinfectant are present in the aqueous solution of formic aldehyde, which was old and in commercial use prior to the plaintiff's invention. The function of the eucalyptus oil is to conceal the odor of the formic aldehyde, and the Blackmore patent does not vest in the complainant a monopoly in the use of fragrant oils in disinfectants. The fact that the two compositions have one point in common, in that formic aldehyde gas is contained to some extent in the essential oil used in "Sanozone" and in the Blackmore composition, cannot obliterate the marked distinctions between the two compositions in ingredients, in proportions, and in mode of manufacture. In short, the defendant is using a disinfectant whose functions were well known prior to the Blackmore patent, with a fragrant oil to conceal the odor of the formic aldehyde, and, even though the oil carries some formic aldehyde, that fact is not sufficient to involve infringement

A decree may be prepared dismissing the bill.